## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **REGIONS BANK**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1285-L** |
| | § | |
| **LAW OFFICES OF SHERIN** | § | |
| **THAWER, P.C.**, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is the Motion of Regions Bank for Partial Summary Judgment as to Law

Offices of Sherin Thawer, P.C., and Alternatively Motion for Judgment on the Pleadings as to Law

Offices of Sherin Thawer, P.C. (Doc. 14); Defendant, Law Offices of Sherin Thawer, P.C.'s Motion

for Leave to File Amended Pleading (Doc. 31); and Defendant, Law Offices of Sherin Thawer,

P.C.'s Motion for Leave to File Amended and Supplemental Response to Plaintiff's Motion for

Summary Judgment, Partial Summary Judgment and Judgment on the Pleadings (Doc. 30).[1]

---

[1] Document Nos. 30 to 34 on the court's docket appear to have been misdesignated by Defendant during filing via the court's electronic document filing system. Although Document Nos. 30 and 31 appear on the docket sheet as a motion for leave to file amended pleading and brief in support, Document No. 30 is actually a motion for leave to file an amended response to Plaintiff's summary judgment motion, and Document No. 31 is a memorandum in support of Defendant's motion for leave to file an amended pleading. Additionally, Document No. 31 appears on the docket sheet as a proposed order but is actually Defendant's proposed amended answer. Likewise, Document Nos. 32 and 33 appear on the docket sheet as a motion for leave to file an amended response to Plaintiff's summary judgment motion and brief in support. In actuality, however, both are identical Amended Memorandums in Response to Plaintiff's Motion for Summary Judgment with the only difference being that Document No. 33 also contains Document Nos. 33 1 to 33 3 that are exhibits to the memorandum. Exhibit 1 to Document No. 33 is Defendant's Proposed Amended Answer, Exhibit 2 is the Affidavit of Sherin Thawer, and Exhibit 3 is a document titled Defendant's Counter Point to Plaintiff's Statement of Uncontested Facts. These same exact exhibits appear in an Appendix filed as Document 34 1 to 34 3. The same Affidavit of Sherin Thawer was also filed separately as Document No. 36. For purposes of this memorandum opinion and order, the court will rule on and construes Document No. 31 as Defendant's motion for leave to file amended pleadings and Document No. 30 as Defendant's motion for leave to file amended summary judgment response. The court considers Defendant's Amended Memorandums in Response to Plaintiff's Motion for Summary Judgment and related evidence but only for purposes of ruling on Defendant's motions for leave.

After careful review of the motions, briefs, record, evidence, and applicable law, the court **denies** Defendant, Law Offices of Sherin Thawer, P.C.'s Motion for Leave to File Amended Pleading (Doc. 31) and Defendant, Law Offices of Sherin Thawer, P.C.'s Motion for Leave to File Amended and Supplemental Response to Plaintiff's Motion for Summary Judgment, Partial Summary Judgment and Judgment on the Pleadings (Doc. 30); and **grants in part and denies in part** the Motion of Regions Bank for Partial Summary Judgment as to Law Offices of Sherin Thawer, P.C., and Alternatively Motion for Judgment on the Pleadings  as to Law Offices of Sherin Thawer, P.C. (Doc. 14).

## I.    Background

Plaintiff Regions Bank ("Plaintiff" or "Regions Bank") filed this action on June 14, 2011, against Defendants Sherin Thawer ("Thawer") and Law Offices of Sherin Thawer, P.C. ("Defendant" or "Thawer Law Office") (collectively, "Defendants") for breach of contract, breach of a guaranty, account stated, and quantum meruit under Texas state law.  Regions Bank also seeks attorney's fees, costs, and interest on the judgment.  Regions Bank's claims all relate to a $100,000 line of credit ("Line of Credit") provided to Thawer Law Office in March 2008 by Regions Bank and a guaranty ("Guaranty") that guaranteed payment by Thawer on the Line of Credit if payment was not made by her law office.

Regions Bank contends that either Thawer or her authorized agent executed the Line of Credit agreement and Guaranty.  Regions Bank further asserts that it issued a check in the amount of $98,825 to Thawer Law Office, and Thawer Law Office made several payments on the Line of Credit but failed to repay the full principal and accrued interest as required by the Line of Credit.  According to Regions Bank, both Thawer and Thawer Law Office failed to pay the full principal and

interest due under the Line of credit upon demand by Regions Bank.  Regions Bank contends that, at the time it filed suit, the balance due on the Line of Credit, including interest, was $102,355.78.

In their Original Answer, Defendants admitted that the Line of Credit and Guaranty had been executed by Thawer and her law office but denied that the principal and interest were due and payable on March 9, 2009, because the Line of Credit agreement states that the amount borrowed is due upon "maturity" but does not define "maturity."  Defs.' Answer 2, ¶ 8.  Defendants further admitted that Thawer executed the Guaranty at issue and that Regions Bank issued a check to Thawer Law Office in the amount of $98,825.  Defendants admitted that Regions Bank made a demand for payment and that Defendants failed to pay the full principal and interest due under the Line of Credit.  Defendants acknowledged that the principal on the Line of Credit was due but denied Regions Bank's allegations regarding the amount of interest due.  Defendants contend that because the Line of Credit does not specify when the principal became due and payable, the amount of interest cannot be accurately determined.   Defendants therefore contend that the contract is ambiguous and unenforceable.[2]

On November 2, 2011, Regions Bank moved for partial summary judgment on its claims against Thawer Law Office.  In its response, Thawer Law Office argued that Plaintiff's summary judgment motion should be denied because Thawer Law Office "agrees that the amount owed as far as principal claimed by Plaintiff is correct" but "dispute[s] the amount owed as interest." Def.'s Resp. 1.  Regions Bank asserts that because no controverting evidence was presented, and Thawer Law Office has not asserted any defenses to its claims regarding the principal owed under the Line

---

[2] Defendants actually state that they deny the existence of the Line of Credit because it does not contain a maturity date or date the principal is due; however, because Defendants also admit the existence of the Line of Credit earlier in their Answer, the court construes Defendants' allegation in this regard to mean that the Line of Credit is unenforceable as written.

of Credit, summary judgment as to all of its claims is proper, based on the outstanding principal of $99,764.73.

On March 12, 2012, after Thawer filed for bankruptcy under Chapter 7, she was dismissed from the lawsuit by agreement of the parties.  On March 30, 2012, two weeks after briefing on Regions Bank's summary judgment motion was complete, Thawer Law Office moved for leave to file an amended answer and amended response to Regions Bank's summary judgment motion. Before the court ruled on the motion for leave, Thawer Law Office filed its Amended Original Answer.

## II.    Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary

judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.   Regions Bank's Motion for Summary Judgment - Breach of Contract

Resolution of whether Regions Bank is entitled to summary judgment on its contract claim is dispositive of the other claims and issues. The court therefore addresses it first.

The elements of a claim for breach of contract are: (1) the existence of a valid contract between the plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damages as a result of that breach. *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 299 (Tex. App.   Dallas 2009, no pet.).

In support of its summary judgment motion, Regions Bank presented a copy of the Line of Credit agreement entered into between Regions Bank as Lender and Thawer Law Office as Borrower.  Regions Bank also presented a copy of a check issued pursuant to the Line of Credit by Regions Bank to Thawer Law Office in the amount of $98,825.  According to the affidavit of Gina Stevenson ("Stevenson"), Regions Bank's litigation manager and custodian of records, Thawer Law Office made some payments but failed to pay the full amount of principal and interest due under the Line of Credit upon demand by Regions Bank.  As a result, Stevenson states in her affidavit that Regions Bank has suffered damages in the amount of $102,355.78, of which $99,764.73 is for the principal.  Stevenson states that the $102,355.78 includes and accounts for the principal, interest on the principal, and all offsets.

As previously noted, Thawer Law Office admitted in its Answer and summary judgment response the existence of the Line of Credit, the issuance of a check to Thawer Law Office in the amount of $98,825, and some payments by Thawer Law Office on the Line of Credit.  Thawer Law Office also admitted that the amount owed as principal ($99,764.73) but denied the amount of interest due and owing, based on the Line of Credit agreement's failure to specify a maturity date.

The court finds that there is no genuine dispute of material fact as to Regions Bank's breach of contract claim with regard to the amount of principal ($99,764.73) owed by Thawer Law Office under the Line of Credit.  In reaching this conclusion, the court rejects Thawer Law Office's

contention that a dispute as to interest under the Line of Credit precludes entry of judgment as to the uncontested amount of principal.  Thawer Law Office presents no legal authority for its argument in this regard, and the court is unaware of any.

With regard to interest, the court concludes that while Stevenson's affidavit states that Regions Bank is entitled to $2,591.78, the difference between the total amount owed ($102,355.78) and the amount of principal ($99,764.73), it is unclear how Stevenson calculated or determined the amount of interest owed under the Line of Credit.  Moreover, while the Line of Credit contains a section for calculating interest, the small print of the copy of the Line of Credit submitted as evidence is too small for the court to decipher.  As a result, the court cannot make a determination regarding interest based on the record before it.  Accordingly, the court determines that Regions Bank is entitled to judgment as a matter of law on the $99,764.73 due as principal under the Line of Credit and directs Regions Bank to set forth the prejudgment interest rate, the date it began to run, and the basis for using the rate.

## IV.    Regions Bank's Request for Attorney's Fees

In support of its summary judgment motion and request for attorney's fees, Regions Bank submitted the affidavit of attorney John E. Johnson, who states "in my opinion a reasonable attorney's fee would be the sum of $3,500.00 for the prosecution of the matter; said fee being 17.5 hours of work at $200.00 per hour."  Doc. 17, ¶ 7.  No other supporting documentation showing the attorney's fees incurred was provided.  The court generally considers the issue of attorney's fees postjudgment pursuant to Federal Rule of Civil Procedure 54(d) and therefore will **deny without prejudice** the request for attorney's fees.  Regions Bank may submit, pursuant to Rule 54(d)(2), a

motion for reasonable attorney's fees and costs with a detailed description and supporting documentation of the fees incurred postjudgment.

## V.      Defendant's Motions for Leave

As noted herein, Thawer Law Office moved for leave to file an amended pleading and amended response to Regions Bank's summary judgment motion. Thawer Law Office's motion for leave to file an amended response indicates that Regions Bank opposes the motion.  Thawer Law Office's motion for leave to file an amended pleading does not include a certificate of conference and does not state whether Regions Bank is opposed.  Since Regions Bank opposed Thawer Law Office's amended response to Regions Bank's summary judgment motion, which is based its proposed amended pleading, the court concludes that Regions Bank is similarly opposed to Thawer Law Office's motion for leave to file an amended pleading.

### A.      Motion for Leave to File Amended Pleading

Before the court can modify the scheduling order and grant leave to amend a pleading under Rule 15(a), Jacobson must show "good cause" for failure to meet the scheduling order deadline under Rule 16(b).  *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").  Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. P. 16(b).  The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension."  *S & W Enters., L.L.C.*, 315 F.3d at 535 (citation omitted).  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."

*Id.* at 536.  In deciding whether to allow an untimely amendment, a court is to consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted).  With respect to the fourth factor, district courts have the "power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."  *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997).

The deadline for amended pleadings under the court's Scheduling Order was January 25, 2012.  As acknowledged in Defendant's motion for leave, its proposed amended answer seeks to deny "many of the essential allegations" previously admitted.  For example, Defendant previously admitted the existence of the Line of Credit and Guaranty executed by Thawer; however, in the proposed amended answer, Defendant states that these agreements were signed by Thawer "by mistake and not signed knowingly."  Def.'s App. 2, ¶¶ 7-8 (Doc. 33-1).  Defendant further denies receiving a check in the amount of $98,825, although this fact was previously admitted.  *Id.* ¶ 9.  Additionally, Defendant admits making several payments under the Line of Credit but now contends that such payments "were made without the knowledge or authority of any authorized agent or authorized representative of Defendant" or "were made by mistake . . . without authority."  *Id.* ¶¶ 10-11.  Defendant also denies that any money is due under the Line of Credit or Guaranty, while it previously only disputed the amount of interest due.  In essence, Defendant has done a complete about-face and attempts to deny everything it previously admitted in its Original Answer, which was filed September 20, 2011.

Defendant states in its motion that the "significant difference" in its answers is due to "miscommunications with prior counsel who has now withdrawn and been replaced by the current attorney of record." Pl.'s Mot. 2, ¶ 8. The Affidavit of Sherin Thawer submitted by Defendant in support of its proposed summary judgment response similarly states, "I have realized that there was a misunderstanding between my counsel, Allen Landerman, and myself regarding the allegations of Plaintiff's Original Complaint and the true facts that exist in defense of those allegations." Def.'s App. 9, ¶ 6 (Doc. 33-2). Defendant, however, fails to explain its failure to timely move for leave to amend.

Defendant's attorney only recently requested and was permitted to withdraw as counsel; Defendant's Original Answer, on the other hand, has been on file over six months since September 20, 2011, and the deadline for amendment of pleadings expired on January 25, 2012. Thus, even assuming that there was a miscommunication or misunderstanding between Defendant's former counsel and Thawer, the sole shareholder and president of Thawer Law Office, no explanation is offered as to why it took Defendant or Thawer, who is an attorney herself, seven or more months to discover the numerous alleged miscommunications or misunderstandings reflected in Defendant's Original Answer filed in September 2011. Thus, the reason offered by Defendant for its failure to timely amend is weak, at best, and does not constitute good cause.

Moreover, for the reasons explained below, the court determines that the amended pleading does not affect the court's ruling regarding Regions Bank's summary judgment motion. Thus, while the amended pleading differs significantly from Defendant's prior Answer, its importance is of minimal value. Allowing the proposed amendment, however, would likely necessitate a continuance of discovery and other deadlines to cure any potential prejudice to Regions Bank. The court is not

inclined to award Defendant for its dilatory conduct by continuing and further delaying the resolution of this case. *See generally Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."); *Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) (district courts have broad discretion to manage their dockets). Given the futility of the proposed amendment and Defendant's failure to articulate any reasonable explanation for the delay, the court determines that the factors weigh against granting leave to amend. The court therefore **denies** Defendant, Law Offices of Sherin Thawer, P.C.'s Motion for Leave to File Amended Pleading (Doc. 31).

### B.     Motion for Leave to File Amended Response to Summary Judgment Motion

In support of its proposed amended summary judgment response, Defendant submitted its proposed amended answer and Thawer's affidavit. Defendant's proposed response and unverified pleadings are not evidence. Moreover, the court determines that Thawer's affidavit is insufficient to defeat Regions Bank's summary judgment motion.

Thawer states that although her law office executed the Line of Credit, it did so "by mistake because of my inattentiveness and preoccupation" after the birth on October 25, 2007, of her second child, who suffered from extreme allergies. Def.'s App. 7, ¶¶ 3 and 5(a). Thawer further states that neither she nor any person authorized by her law office ever negotiated or received the check for $98,825. Additionally, she states that while some money was paid through her law office by some unauthorized person, she was not personally aware of the payments and did not authorize them, or alternatively, that the payments were made by mistake. *Id.* ¶ 5(b)-(d). Other than listing the

elements for breach of contract and alleged disputed facts, Defendant does not explain why it believes this testimony raises a genuine dispute of material fact.

It appears that Defendant contends, based on Thawer's testimony, that the Line of Credit was executed as a result of Thawer's mistake or inattentiveness and that a disputed issue of material fact exists regarding the existence of a valid contract.   To survive summary judgment based on a unilateral mistake, Defendant must show:

> (1) the mistake is of so great a consequence that to enforce the contract as made would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake must have been made regardless of the exercise of ordinary care; and (4) the parties can be placed in status quo in the equity sense; i.e., rescission must not result in prejudice to the other party except for the loss of his bargain.

*James T. Taylor & Son, Inc. v. Arlington Indep. Sch. Dist.*, 335 S.W.2d 371, 373 (1960); *City of The Colony v. North Tex. Mun. Water Dist.*, 272 S.W.3d 699, 737 (Tex. App.   Fort Worth 2008, pet. dismissed); *Northern Natural Gas Co. v. Chisos Joint Venture I*, 142 S.W.3d 447, 456 (Tex. App.   El Paso 2004, no pet.).   Defendant, however, fails to point to any evidence to support its unilateral mistake argument.

The court further concludes that the self-serving, contradictory, and unsupported affidavit testimony by Thawer, as to whether Defendant received the $98,825 check from Regions Bank and made payments under the Line of Credit, is not sufficient to defeat summary judgment where strong evidence in the record is to the contrary.  *See United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (quoting *Munitrad Sys., Inc. v. Standard & Poor's Corp.*, 672 F.2d 436, 440 (5th Cir. 1982) (finding that self-serving statements in an affidavit were "not the type of 'significant probative evidence' required to defeat summary judgment"); *In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994) (per curiam) (holding that, even

if a rational trier of fact could conclude that plaintiff had presented a "scintilla of evidence," "a mere scintilla is not enough to defeat a motion for summary judgment"); *Smith v. Soutwestern Bell Tel. Co.*, No.11-10506, ___ F. App'x ___, 2012 WL 28256, at *3 (5th Cir. Jan. 5, 2012) (per curiam) ("[W]e have repeatedly held that self-serving statements, without more, will not defeat a motion for summary judgment, particularly one supported by plentiful contrary evidence.") (citing cases). Moreover, the evidence that payments were made by Defendant, whether or not authorized or with Thawer's knowledge, supports Regions Bank's argument and evidence that it provided Thawer Law Office with the $98,825 check pursuant to the Line of Credit.

Because Defendant's proposed amended response and evidence do not affect or change the court's ruling on Regions Bank's summary judgment motion, the court **denies** Defendant, Law Offices of Sherin Thawer, P.C.'s Motion for Leave to File Amended and Supplemental Response to Plaintiff's Motion for Summary Judgment, Partial summary Judgment and Judgment on the Pleadings (Doc. 30). In light of the court's denials of Defendant's motions for leave, Regions Bank need not respond.

## VI.   Conclusion

For the reasons stated herein,  the court **denies** Defendant, Law Offices of Sherin Thawer, P.C.'s Motion for Leave to File Amended Pleading (Doc. 30); **denies** Defendant, Law Offices of Sherin Thawer, P.C.'s Motion for Leave to File Amended and Supplemental Response to Plaintiff's Motion for Summary Judgment, Partial Summary Judgment and Judgment on the Pleadings (Doc. 32); and **grants in part and denies in part** Motion of Regions Bank for Partial Summary Judgment as to Law Offices of Sherin Thawer, P.C., and Alternatively Motion for Judgment on the Pleadings as to Law Offices of Sherin Thawer, P.C. (Doc. 14). Specifically, the court determines that Regions

Bank is entitled to judgment as a matter of law on the $99,764.73 due as principal under the Line of Credit but **denies without prejudice** its request for $2,591.78 in interest claimed on the principal.

Based on the court's ruling, the amount of interest under the Line of Credit is all that remains to be tried.  To proceed to trial on a claim of less than $3,000 in interest is nonsensical. The court therefore **strongly** urges the parties to attempt to resolve the interest issue without the necessity of going to trial, and **directs** the parties to inform the court by **April 20, 2012**, whether the interest issue can be resolved without the necessity of a trial.

The clerk of the court is also **directed to strike and unfile** Defendant, Law Offices of Sherin Thawer, P.C.'s Amended Original Answer (Doc. 36), that was filed without permission before the court ruled on Defendant's motion for leave.

**It is so ordered** this 10th day of April, 2012.

Sam A. Lindsay
United States District Judge